# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

DEREK BOYD § 
 § 
v. § Civil Action No. 4:17-CV-165
 § Judge Mazzant
COLLIN COUNTY, TEXAS § 
 § 

### MEMORANDUM OPINION

Pending before the Court is Defendant Collin County, Texas's Motion to Dismiss (Dkt. #21). Having considered the relevant pleadings, the Court finds that Defendant's motion should be denied in part and granted in part.

On July 9, 2017, Defendant filed a motion to dismiss (Dkt. #21). On August 11, 2017, Plaintiff filed a response (Dkt. #24). On August 23, 2017, Defendant filed a reply (Dkt. #28).

### LEGAL STANDARD

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.),*

*L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "'A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court identifies conclusory allegations and proceeds to disregard them, for they are "not entitled to the assumption of truth." *Iqbal*, 129 S.Ct. at 1951. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id*. "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009). This evaluation will "be a context-specific task that requires the reviewing [C]ourt to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

Plaintiff, a former employee of the Collin County Sheriff's Office, filed suit seeking relief under Title VII, claiming he was subjected to discrimination, retaliation, and a hostile work

environment during his employment at Collin County Sheriff's Office. In Plaintiff's response, Plaintiff conceded that his hostile work environment claim should be dismissed as not plausible (Dkt. #24 at p. 2).

However, after reviewing the current complaint, the motion to dismiss, the response, and the reply, the Court finds that Plaintiff has stated plausible claims for purposes of defeating a Rule 12(b)(6) motion regarding his discrimination claim.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion to Dismiss Plaintiff's Complaint (Dkt. #21) is hereby **GRANTED IN PART** and **DENIED IN PART**.

It is further **ORDERED** that Plaintiff's hostile work environment claim is **DISMISSED** with prejudice.

It is further **ORDERED** that the motion be **DENIED** as to the remainder of the claims.

**IT IS SO ORDERED**.

SIGNED this 12th day of October, 2017.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE